DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
MARK A. LEMLEY (SBN 155830)
AARON M. NATHAN (SBN 251316)
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
ddurie@durietangri.com
anathan@durietangri.com

Attorneys for Defendants
GENENTECH, INC., and CITY OF HOPE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GENENTECH, INC., and CITY OF HOPE,<br><br>Defendants. | Case No. 3:10-cv-00675-JSW<br><br>**DEFENDANTS GENENTECH, INC. AND CITY OF HOPE'S MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 16, 2010<br>Time: 9:00 a.m.<br>Judge: Jeffrey S. White<br>Ctrm: 11, 19th Floor |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 16, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeffrey S. White, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Genentech, Inc. and City of Hope will move the Court under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Central District of California, where a related action involving the same patent is pending.

## STATEMENT OF RELIEF SOUGHT

1. The transfer of this case to the Central District of California, where a related action involving the same patent is pending.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiffs Glaxo Group Limited and GlaxoSmithKline LLC (collectively, "GSK") are intent on litigating this action anywhere except the forum in which it belongs. The Honorable Mariana R. Pfaelzer has been presiding over litigation involving challenges to United States Patent 6,331,415 (the Cabilly II patent) for the better part of the last seven years, first in a case brought by licensee MedImmune (which resulted in the Supreme Court's decision in *MedImmune v. Genentech*, 549 U.S. 118 (2007)), and now in an action brought by Centocor. Judge Pfaelzer has construed the claims of the Cabilly II patent twice, is familiar with the underlying technology, and is actively managing the case before her. She has become, in her own words, "a student of Cabilly II." Declaration of Daralyn Durie in Support of Defendants Genentech, Inc. and City of Hope's Motion to Transfer ("Durie Decl."), Exh. A, 4:3-4.

GSK first filed this action for declaratory relief on October 8, 2009 in the Southern District of Florida, a jurisdiction with no relationship to GSK, Defendants Genentech and City of Hope, the Cabilly II patent, or any witness to the case. At that time, GSK had not yet received FDA approval for or made any commercial sales of Arzerra™, the product at issue here. Nor had GSK approached Defendants for a license to the Cabilly II patent. Indeed, GSK had had no communications at all with Genentech or City of Hope regarding the Cabilly II patent in connection with Arzerra™.

Genentech and City of Hope moved to dismiss that action for lack of subject matter jurisdiction

1

or, in the alternative, to transfer the action to the Central District of California. On December 21, 2009, Defendants granted GSK's request for a 30-day extension of time to respond to that motion. GSK then asked for a further extension of time to respond to the motion, which Defendants again granted. Thereafter, on February 17, without any warning, GSK dismissed the Florida case and, on the same day, filed this action in the Northern District of California.

The case still belongs in the Central District of California. Without a transfer, the same judicial resolution of questions of law and fact regarding the patent's scope, validity and enforceability would be required both here and there. That is an inefficiency that this Court should avoid, especially given Judge Pfaelzer's extensive familiarity with the issues and the patent. The Central District is at least as convenient a forum for the parties. Plaintiff GSK is based in the United Kingdom and Pennsylvania; the two jurisdictions are equally convenient for it. City of Hope is a not-for-profit hospital located in the Central District. Genentech is located in this district, but that single fact is no reason to reward GSK's forum shopping.

## II. FACTUAL BACKGROUND

### A. A Related Case Involving The Same Patent Is Already Pending In The Central District.

This is the second patent infringement litigation involving the Cabilly II patent. In 2003, MedImmune, Inc., a licensee under the Cabilly II patent, brought a declaratory relief action in the Central District of California against Genentech and City of Hope seeking to have the Cabilly II patent declared not infringed, invalid and unenforceable. *See Medimmune Inc v. Genentech Inc, et al.*, No. 2:03-cv-02567 (C.D. Cal. filed Apr. 11, 2003). That case was assigned to Judge Pfaelzer. Following five years of litigation, including extensive discovery, claim construction, an appeal and a decision by the United States Supreme Court, that case ultimately settled.

Shortly thereafter, in May 2008, Centocor, Inc., another licensee of the Cabilly II patent, filed a second declaratory judgment action raising the same claim construction, validity and enforceability issues. *See Centocor, Inc. v. Genentech, Inc. et al.*, No. 2:08-cv-03573 (C.D. Cal. filed May 30, 2008). That case was likewise assigned to Judge Pfaelzer. The parties briefed and argued claim construction

issues, *see id.* at Docket Nos. 81, 83, 86 & 89, following which the court construed the disputed terms, *see id.* at Docket No. 93. The case remains active; the Court held a scheduling conference on October 28, 2009. *See id.* at Docket No. 179. The parties have exchanged documents and commenced deposition discovery. Durie Decl., ¶ 2.

### B. GSK Filed A Preemptive Action In Florida In Advance Of Any Licensing Discussions And Before The Commercial Launch Of Its Product.

GSK initially brought suit in the Southern District of Florida, a jurisdiction with no discernable connection to the parties or the case. At that time, GSK based its declaratory judgment subject matter jurisdiction on the following allegations:

- Genentech has asserted the Cabilly II patent in counterclaims in litigation against other manufacturers of therapeutic monoclonal antibodies. Compl. at ¶ 24.

- Genentech has identified GSK's Arzerra™ product as a competitor to Genentech's Rituxan® product in recent SEC filings. *Id.* at ¶ 25.

- Genentech has claimed an aggressive IP protection and enforcement strategy in recent SEC filings, and has identified the Cabilly patent royalties and litigation in particular. *Id.* at ¶ 26.

GSK did not allege that it attempted to obtain a license to the Cabilly II patent, or that either Genentech or City of Hope ever communicated with GSK in any fashion about Arzerra™ or about the Cabilly II patent. GSK did not allege any communications by Genentech or City of Hope that would suggest any intent to sue GSK for Arzerra™ on the Cabilly II patent.[1]

### C. Defendants Move To Dismiss Or Transfer The Florida Case; GSK Seeks More Time To Respond, Then Dismisses And Refiles In This District.

On December 16, 2009, Defendants filed a motion in the Florida court to dismiss the case for lack of subject matter jurisdiction, and alternatively to transfer the case to the Central District of California. Docket No. 11. On December 21, Defendants consented to GSK's request for an extension of time to respond to that motion. Durie Decl., Exh. B. GSK then requested, and received, a second extension of

---

[1] GSK's complaint in this District alleges a conversation between Mark Lemley and Sherry Knowles in October 2008. That conversation took place at a conference in October **2009**, after GSK had sued Genentech and City of Hope in Florida. In that conversation, Mr. Lemley merely noted the fact of the lawsuit and that he and Ms. Knowles were apparently on opposite sides of pending litigation. Declaration of Mark Lemley in Support of Defendants Genentech, Inc. and City of Hope's Motion to Transfer, ¶ 1.

3
DEFENDANTS GENENTECH, INC. AND CITY OF HOPE'S MOTION TO TRANSFER
Case No. 3:10-cv-00675-JSW

time to respond to Defendants' motion. *Id.*, ¶ 5. Then, on February 17, on the eve of its twice-extended response date, and without any warning, GSK simultaneously dismissed the Florida case and refiled its Complaint in the Northern District of California. Docket No. 24.

### D. Southern California Is At Least As Convenient For The Parties And Witnesses.

One of the named plaintiffs is incorporated and maintains its primary place of business in the United Kingdom. Docket No. 1 (Compl.) at ¶ 2. The other is incorporated and maintains its primary place of business in Pennsylvania. *Id.* at ¶ 3. GSK maintains offices in Alhambra and Rancho Santa Margarita, in the Central District. *See* http://www.gsk.com/about/corp-gov/GSK-Group-companies.pdf (last visited March 4, 2010) (page 48).

Genentech and City of Hope are the co-assignees of the patent in suit, and the defendants in this case. City of Hope is a hospital and medical-research center in Duarte, California. *Id.* at ¶ 7. City of Hope provides patient services, conducts medical research, and runs a graduate school in biological sciences—all in the greater Los Angeles area. *Id.* Genentech is a biomedical research company dedicated to discovering, developing and commercializing medicines to treat patients with life-threatening diseases, including cancer. *Id.* Genentech is located in South San Francisco. *Id.* at ¶ 6. Of the five inventors on the Cabilly patent, one is in greater Los Angeles, one is in the Bay Area, and the remaining three are elsewhere (Dr. Cabilly in Israel, Dr. Wetzel in Pennsylvania and Dr. Holmes in Oregon). Durie Decl., ¶ 6.

### III. THIS COURT SHOULD TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA

Section 1404(a) is "intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (internal citation and quotations omitted). Thus a district court's decision to transfer a case is reviewed only for abuse of discretion. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

This Court may transfer this case to another forum "in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The factors courts consider

in making the transfer determination include: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). Courts may also, in appropriate circumstances, consider the relative means of the parties. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107-08 (N.D. Cal. 2001).

### A. GSK Could Have Brought This Case In The Central District Of California.

The threshold analysis under Section 1404(a) is whether the alternative venue is one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404(a) (a case may be transferred to "any other district or division where it might have been brought"). There is no doubt that GSK could have filed this case against Genentech and City of Hope in the Central District of California. Both are already subject to the jurisdiction of the Central District of California for ongoing, related litigation involving the same patent.

### B. Transferring To The Central District Of California Is In The Interests Of Justice.

#### 1. GSK has engaged in blatant forum shopping.

"A district court may consider a party's intention to preempt another's infringement suit" as one factor informing the transfer analysis. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) (analyzing motion to dismiss declaratory judgment complaint, but applying 1404(a) analysis). Here, it is self-evident that GSK filed this action in Northern California to avoid losing its then-pending motion to transfer from Florida to the Central District of California. GSK's efforts to invoke the jurisdiction of the Florida court, then abandon that venue in the face of certain transfer and refile in a different jurisdiction, should not be rewarded by this Court. *See, e.g., Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, Co. C03-3711, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003) ("[d]ismissal, followed by the reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts.").

### 2. The interest of justice strongly favors transfer to the Central District.

The Supreme Court and the Ninth Circuit have long recognized that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *see also A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir.1974) ("[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.").

To prevent such inefficiencies, "[a]n important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Am. Canine Found. v. Sun*, No. CIV. S-06-654, 2006 WL 2092614, at *3 (E.D. Cal. July 27, 2006); *see also IMPRA, Inc. v. Quinton Instruments. Co.*, 17 U.S.P.Q.2d 1890, 1891 (D. Ariz. 1990) ("As a general rule, cases should be transferred to districts where related actions are pending."). Indeed, "the interest of justice is the most important consideration" in the transfer analysis, and "'[c]onsideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Electronics for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008) (citing and quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)); *see also Madani v. Shell Oil Co.*, No. C07-04296, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008) (granting transfer motion where transferee court's three years of experience with related case outweighed transferor court's advantage in convenience).

Judge Pfaelzer is already presiding over litigation involving the Cabilly II patent, and has been doing so since 2003. She has construed the claim language (twice), requiring a review of the prosecution and re-examination file histories spanning 20-plus years, is familiar with the relevant technology, and will be required to address the validity and enforceability of the patent in the pending case.[2]

---

[2] If this case were transferred to the Central District, that district's local rules would clearly support assignment to Judge Pfaelzer as a related case. The cases not only generally "call for determination of the same or substantially related or similar questions of law and fact," and "would entail substantial duplication of labor if heard by different judges," C.D. Cal. Local Rule 83-1.3.1(b) &(c), but also

Similar concerns about judicial economy have caused this Court and others in the Ninth Circuit to grant motions to transfer where litigation over the same patent is pending in another court. *See, e.g., Morrow v. Vertical Doors Inc.*, No. CV 09-0256, 2009 WL 1698560, at *5 (D. Ariz. June 17, 2009); *Sorensen v. Phillips Plastics Corp.*, No. C-08-03094, 2008 WL 4532556, at *5 (N.D. Cal. Oct. 9, 2008); *Electronics for Imaging*, 2008 WL 276567 at *1; *Alere Medical, Inc. v. Health Hero Network, Inc.*, No. C 07-05054, 2007 WL 4351019, at *1-2 (N.D. Cal. Dec. 12, 2007); *CoxCom, Inc. v. Hybrid Patents Inc.*, No. C-06-7918, 2007 WL 2500982, at *2 (N.D. Cal. Aug. 30, 2007); *IMPRA*, 17 U.S.P.Q.2d at 1891.

### 3. Central California is at least as convenient and no more expensive for the parties and witnesses.

City of Hope is located in Los Angeles. It is already litigating the same patent in the Central District of California. Of course it is more convenient for City of Hope to litigate the same issues in Los Angeles. City of Hope employees (including Dr. Riggs, one of the named inventors) are in the Central District. Genentech is located here. But it is likewise already litigating these issues in the Central District.

In contrast, for GSK, the two jurisdictions are a wash—either location requires substantial air travel from the United Kingdom and/or Pennsylvania. The Central District of California should likewise be convenient for GSK's current counsel. The law firm representing GSK at present, Howrey, is a "global" firm with an office in Los Angeles. *See* http://www.howrey.com/contactus (last visited Feb. 20, 2010).

### 4. The remaining factors likewise support a transfer.

GSK is a large international corporation with the means to litigate in Los Angeles as readily as in San Francisco. City of Hope, by contrast, is a not-for-profit hospital. Thus the relative means of the parties weighs, if anything, in favor of a transfer.

The relative congestion of the courts' dockets and median time to trial weighs in favor of transfer. According to the most recent published statistics, for the twelve month period ending March 31, 2009, the median time for all case dispositions in the Central District was 6.7 months, versus 8.7 in the

---

"involve the same patent," a situation that the Central District's rules specifically contemplate as a basis for related-case assignments. C.D. Cal. Local Rule 83-1.3.1(d).

Northern District, and for those cases that went to trial, the median time to trial was 19.8 months in the Central District, versus 25.5 months in the Northern District. *See* http://www.uscourts.gov/caseload2009/tables/C05Mar09.pdf.

And, while both courts are of course well versed in patent law, the Central District has the unique advantage of prior exposure to the specific claim construction and other legal issues in this case.

### 5. GSK's choice of forum warrants no deference.

GSK first chose to the file this case in Florida. Having made that election, and then abandoned the forum of its choice, GSK should not be given any deference the second time around. That conclusion is particularly compelling where, as here, the Northern District of California is not GSK's home forum. *Kannar v. Alticor, Inc.*, No. C-08-5505, 2009 WL 975426, at *4 (N.D. Cal. April 9, 2009) ("Where, as here, however, the plaintiff is a resident of a foreign country, such deference [to plaintiff's choice of forum] is greatly reduced.").

Many courts, including in the Northern District of California, have held, on similar facts, that a plaintiff's second choice of forum is not entitled to deference. As the court in *Wright v. Interbank Capital, Inc.*, No. C 99-0091, 1999 WL 354516, at *4 (N.D. Cal. May 19, 1999) (emphasis in original) explained, "[w]hile courts generally defer to a plaintiff's choice of forum, plaintiffs have failed to identify any authority indicating that courts generally defer to a plaintiff's *second* choice of forum." "[W]here a plaintiff engages in forum-shopping, no deference to the plaintiff's choice of forum is warranted; indeed, federal courts have held that conduct like [that] militates in favor of transfer." *Reiser v. RTI Int'l Metals, Inc.*, No. 1:08-CV-00729, 2009 WL 1097250, at *1 (S.D. Ohio April 22, 2009) (internal quotation marks omitted). *See, e.g., Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. 2:06-CV-260, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007) ("The plaintiff's second or third choices of forum receives no deference . . . ."); *see also Eagle Star Group, Inc. v. R.J. Ahmann Co.*, No. 06-2430, 2007 WL 2042523 (D. Kan. July 12, 2007); *Madani.*, 2008 WL 268986.

GSK first brought this action in the Southern District of Florida. Faced with imminent transfer to the Central District of California, and determined to avoid litigating in the proper forum, GSK abandoned the Southern District of Florida in favor of its second choice. Forum shopping receives no deference.

8

## IV. CONCLUSION

For the reasons stated herein, Genentech and City of Hope respectfully ask the Court to transfer this case to the Central District of California.

Dated: March 10, 2010

By: /s/ Daralyn J. Durie
Daralyn J. Durie

Attorneys for Defendants
GENENTECH, INC., and CITY OF HOPE

Of Counsel

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
KENNETH GALLO
2001 K Street, NW
Washington, DC 20006-1047
kgallo@paulweiss.com
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
JOHN E. NATHAN
CATHERINE NYARADY
KRIPA RAMAN
1285 Avenue of the Americas
New York, NY 10019-6064
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on March 10, 2010 with a copy of this document via the Court's CM/ECF system.

| | |
|---|---|
| Lloyd R. Day, Jr., Esq. | DayL@howrey.com |
| Robert M. Galvin, Esq. | GalvinR@howrey.com |
| Jackie N. Nakamura, Esq. | NakamuraJ@howrey.com |

Dated: March 10, 2010                    DURIE TANGRI LLP


By: _____/s/ Daralyn J. Durie_____
                Daralyn J. Durie

Attorneys for Defendants
GENENTECH, INC., and CITY OF HOPE